T. R. Price et al. *v.* Charles M. Emerson.

A judgment of nonsuit rendered on motion of defendant's counsel, when the counsel for plaintiff declines to go into the case, is not such an abandonment of the demand as is contemplated by Article 3485 of the Civil Code, and prescription is considered as interrupted during the pendency of the action.

The absence of the commissioner's signature to depositions taken under commission is a fatal defect.

Where the defence against a promissory note was, that plaintiff was not the *bona fide* holder of the note, that it belonged to the endorser, and had been transferred to plaintiff for the purpose of depriving the defendant of a good defence which he had against the endorser, namely, that the note had been given without consideration, and merely for the accomodation of the endorser, who was also payee—*Held :* That if this plea be true, the endorser would be liable to defendant for the reimbursement of whatever defendant was obliged to pay on the note ; that this eventual obligation towards defendant created on the part of the endorser a direct interest in the event of the suit, and that, at least until defendant released the endorser from liability over to himself, he could not be allowed to testify in the cause.

Defendant's cause of action in such a case against the endorser would only date from the day of his condemnation to pay the note.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*Benjamin, Bradford & Finney,* for plaintiff.   *Durant & Hornor* and *E. W. Huntington,* for defendant and appellant.

Buchanan, J.   This case was remanded last year upon a bill of exceptions to the rejection of evidence of plaintiffs.   See 14 An. 141.

On the new trial, plaintiffs had judgment for two of the three notes sued upon. Defendant appeals.

The first question for consideration is, the plea of prescription.

The two notes in question were due, respectively, the 1st January 1847, and the 1st January 1848.

Citation was served in the present action on the 20th June 1855,—eight years, five months and twenty days after the maturity of the first, and seven years, five months and twenty days after the maturity of the second note.

But another suit had been previously brought against defendant upon these notes, by which, it is argued, prescription was interrupted.   Citation was served in that suit the 15th November, 1851, and judgment of nonsuit was rendered therein on the 16th of April, 1855.   The entry in the minutes, in relation to this judgment, is as follows : " This cause came on this day for trial—*M. Taylor,* for plaintiff, *T. J. Durant,* for defendant and *McHenry*—when counsel for plaintiff having appeared and declined to go into the case, and on motion of *T. J. Durant,* of counsel for defendant and *McHenry,* it is ordered, adjudged and decreed, that there be judgment as in case of nonsuit."

On the authority of *Wilson* v. *Marshall,* 10 An. 327, and the cases therein cited, we agree with the District Judge that this was not such an abandonment of the plaintiff's action as is contemplated by Article 3485 of the Civil Code. Prescription was therefore interrupted pending the said action ; and the present suit was brought about two months after it ceased.   The plea of prescription cannot avail defendant as to the two notes in question.

Defendant relies upon two bills of exception taken by him to the rejection of the depositions of *John McHenry* and *Jesse McHenry,* taken under commission.

The evidence of these witnesses was properly ruled out. As to the latter, (*Jesse McHenry,*) the signature of the commissioner is wanting to the return. This was a fatal defect of form.

*John McHenry*, the other witness, was the payee and endorser of the notes of defendant now sued on. He was objected to on the ground that the endorser is incompetent, by reason of interest, to invalidate the notes sued on.

The answer avers, that plaintiff is not the *bona fide* holder of these notes; that said notes belong to *John McHenry* and were transferred to plaintiffs for the purpose of depriving the defendant of a good defense which he has against said *McHenry;* that said transfer was simulated. And the answer proceeds to aver, that this defense, which he would have against *McHenry*, consists in this : that the notes in question were given without consideration, and merely for the accommodation of said *John McHenry.*

If this plea be taken for true, it is very clear that *McHenry* would be liable to reimburse anything that defendant may be obliged to pay in consequence of making the notes which are now in suit. This eventual obligation towards defendant necessarily creates, on the part of the witness, a direct interest in the event of this suit,—an interest to secure the maker of the notes, the defendant, from the pursuit of the plaintiff. The plaintiff should, at least, have released the witness from liability over to himself, before he testified in the cause. It is argued by counsel for defendant, that *John McHenry* is without interest, because plaintiff's action against him on these notes would be barred by prescription. This is a point which it would be unsafe to assume; for we cannot know from this record what interruptions of prescription as against *McHenry* may have intervened, to bar such a plea, if offered. At all events, it is certain that the action of *defendant* against *McHenry*, to be reimbursed what he may be condemned to pay upon these notes, (if made for the accommodation of *McHenry*,) is not barred; for defendant's cause of action would date from the day of such condemnation.

For the reasons given, the judgment of the District Court is affirmed, with costs.