OVERTON, J..
 

 Defendant was found guilty of shooting with intent to kill, and appeals from the sentence imposed, relying upon one bill of exception for a reversal.
 

 It. appears that, while defendant was on the witness stand, his counsel asked him whether he had ever been in trouble before, or had trouble with any one prior to the difficulty for which he was being tried, and received the answer that he had not. When ■the defense closed, the state put Dr. Butler on the stand in rebuttal, and propounded to him a question, seeking to elicit whether defendant had ever had a difficulty with him, and received an answer showing that he had. Defendant, through his counsel, objected to the question, propounded to Dr. Butler, on ‘the following grounds, first, that defendant could not be impeached upon a collateral matter, and, secondly, that defendant had not put his reputation at issue by attempting to prove his good repute, and hence that the evidence was inadmissible and prejudicial. The trial court overruled the objections.
 

 The ruling was not erroneous. It is true that a witness cannot be impeached upon a collateral or irrelevant matter, but this is so when the collateral or irrelevant matter is brought out on cross-examination and the cross-examiner then seeks to impeach the witness by reason of his answer. It is also true that a defendant’s reputation cannot be inquired into until the defendant has put it at issue by attempting to establish his good repute. However, the case presented is not such as to call for the application of these rules. Defendant, through his counsel, introduced evidence to show the specific fact that defendant had never been in trouble before. The state, for what it might be worth, had the right to rebut the specific fact, attempted to be established, by showing that defendant had been in trouble before. Defendant opened the way for this inquiry, and cannot complain at the effort of the state to disprove a fact attempted to be established by him.
 

 The verdict and the sentence are therefore affirmed.