FOURNET, Justice.
 

 The defendant having been tried on an indictment charging him with aggravated rape under Article 42 of the Louisiana Criminal Code, in that he had sexual intercourse with Evelyn Clark, a child under the age of 12, is appealing from his conviction of simple rape and his sentence thereunder, upon the jury’s recommendation of mercy, to serve five years at hard labor in the state penitentiary, claiming that he was unjustly accused and improperly convicted.
 

 The alleged victim, Evelyn Clark, a girl of eleven and a half years and one of five children, was placed by her father after the death of her mother in July of 1941 with the defendant and his wife, no effort being made to legally adopt the child although her father abandoned her to these people as a foundling by a document executed on October 23, 1942. The affidavit charging the defendant was made by Hartford Milton Clark, Evelyn’s 15 year old brother, who had also lived with, the defendant and his wife a part of the time during the 1944 — 1945 school year but who at the end of that session had left their home to work for a farmer nearby. While in the defendant’s home this young boy claims to have observed on two separate occasions actions that caused him to suspect the relationship between Fletcher and his sister was not as it should be. It was not until August 28, 1945, however, that he claims to have observed through the window of a small country church he was passing circumstances that, coupled with the action of the defendant and his sister when they came from the church, caused him to report the incident to his employer, who advised him to take the matter up with an uncle, the latter, the same day, accompanying' the boy to make the charge before the proper authorities. He was the only witness who gave direct evidence as to the incident- on which the charges against the defendant were brought, the alleged victim,- his sister, testifying, according to the per curiam of the trial judge, that she had' never had intercourse, with the defendant, but, in
 
 *414
 
 stead, had had these relations with her brother, the prosecuting witness.
 

 The defendant reserved his first bill of exceptions when the district attorney stated during his opening remarks to the jury that he would “also show by the testimony of this boy that on two different occasions before this he heard about Norman Fletcher and the girl being in the barn or in a shed,” and his second when, although the defendant’s objection to this statement was maintained by the trial judge, the district attorney continued, saying, “Now, I did not mean to say that when the young boy learned of this, affair in the barn that he learned of it through some other source. I meant to tell.the jury and I now tell the jury he knew of them being in the barn.” -The defendant claims to have been-prejudiced by these statements despite the. fact that the- trial judge sustained his ob-. jection to both of them, contending the' evidence to support these statements was inadmissible on the trial of the case -and that the trial judge failed to instruct the jury to disregard them.
 

 While a 'rehearing has been granted in the case of State v. Ferrand, La.Sup.,
 
 27
 
 So.2d 174, wherein it Was held that evidence of the commission of prior acts of intercourse could not be admitted under the general rule excluding evidence of the commission of other offenses since the element of guilty knowledge, intent, and motive were not at issue in that case (the reasons for excepting these showings from the operation of this general rule), for the reason that the state in its application for a' rehearing for the first time called our attention to the' fact that according to the text-writers and the decisions of the courts of other states such evidence is admissible in statutory rape cases and in other sex crimes for the purpose of ■ corroboration, and while the author of this opinion, who was also the author of the opinion in the Ferrand case, is doubtful of the wisdom of this additional exception to the general rule, nevertheless the defendant in this case cannot complain' about these statements made by the district attorney referring to two other occasions upon which such acts were committed for his objections to them were sustained by the trial judge and the evi~. dence to support them was not admitted on the trial itself and for the further reason that the'district attorney, in opening' this statement to the jury before the trial of the case explained to them that h'e was required by law to make an opening state--' ment informing the jury of the nature of the charge against the accused and outlining the evidence by which the state ex- • pected to' establish such a charge but that if any part of the evidence outlined was held to be inadmissible, it should be disregarded by the jury and not considered for this.opening statement formed no part of the evidence upon which their decision was to be based. We think, therefore, there is no merit to these two bills.
 

 
 *416
 
 The defendant’s next objection was raised to the questioning of the alleged victim on cross-examination with respect to a statement allegedly made by her to a cousin about her same age to the effect that her Uncle Norman (the defendant) had used a rubber on her (the .alleged victim) and the fourth bill was reserved when the state was permitted to impeach her with respect to this statement by questioning the-cousin as to whether or not this young girl had made such a statement, it being the defendant’s contention that this was nothing more than effort on the part of the state to prejudice the jury by placing before it evidence that was immaterial and irrelevant and concerning a matter that was collateral to the issues of the case, as well as for the purpose of establishing a different crime.
 

 The trial judge in disposing of this issue said in his per curiam to Bill of Exceptions No. 3 that "Evelyn Clark is the girl defendant is charged with having raped. She was -a witness for the defendant and testified that defendant had no sexual relations with her at the time charged nor at any time in answer to questions of counsel for defendant. Defendant-denied as a witness having had sexual relations with Evelyn at the time charged nor at any other time. Then Evelyn on cross-examination was asked by the District Attorney about having shown at school to Aitdrey Lee Ulmer, her cousin, -a rubber and stated that was the rubber Uncle Norman used on her. This evidence was admitted to lay the basis of impeaching evidence on whether or not defendant had sexual relations with Evelyn as charged in the Bill of Indictment and the jury was instructed at the time that the evidence was being admitted only for the purpose of impeaching the testimony of the witness, Evelyn Clark, and was not admitted for the purpose of establishing a different crime. This was evidence for the jury to consider affecting directly the guilt or innocence of the accused.”
 

 "It is not competent to impeach a witness as to collateral facts or irrelevant matter.” Article 494 of the Code of Criminal Procedure. See, also, State v. Wiggins, 50 La.Ann. 330, 23 So. 334; and State v. Bellard, 132 La. 491, 61 So. 537. But, as pointed out in State v. Walters, 135 La. 1070, 66 So. 364, 375, “the rule does not forbid the state to contradict the defendant’s testimony given in his examination in chief upon an issue which he brought into the case.” See, also, State v. Ledoux, 157 La. 821, 103 So. 177; and State v. Savoy, 170 La. 803, 129 So. 209.
 

 We must conclude, therefore, that however prejudicial or damaging this evidence may have been to the defendant’s cause, having injected into the case the issue that he had never had intercourse with the alleged victim at any time, ostensibly for the purpose of impressing the jury with his complete innocence and to overcome any impression that may have resulted from the objectionable portions
 
 *418
 
 of the district attorney’s opening statement and the judge’s refusal to permit evidence of the two other occasions he was supposedly seen in a barn or shed to go to the jury, he cannot complain.
 

 The last bill for our consideration, Bill of Exceptions No. 6, the fifth one having been apparently abandoned since it was not argued here either orally or in brief, was reserved when the district attorney in his closing argument to the jury said “you would be saying the Grand Jury made a mistake, we are going to acquit this party and it will be the young man who should be brought before the next Grand Jury.”
 

 In his per curiam to this bill the trial judge says that “After the defendant was placed in jail charged with rape of Evelyn Clark he in turn made a charge against the 15 year old brother of Evelyn charging him with rape on Evelyn. Both stayed in jail until the Grand Jury heard evidence on the charges. Defendant was indicted and a ‘No True Bill’ was found against the brother and he was released from custody and testified as a witness against defendant. During the argument of the case much was said by counsel for defendant that the District Attorney ought to prosecute the brother instead of defendant. In answer to this argument the District Attorney told the jury he had no authority to prosecute the brother for rape until the Grand Jury of Grant Parish first returned a Bill of Indictment and that he had no authority to file such bill and in his reply he made the statement complained of by defendant.
 
 In the general charge
 
 the court instructed the jury that the indictment in this case is a mere accusation or charge but is not evidence of guilt and creates no prejudice against defendant and the jury must not be influenced by it in considering the case.”
 

 The defendant objected to this statement of the district attorney for the reason that such a statement was arguing to the jury that they should take the indictment of the grand jury as proof of the case against the defendant and was thus throwing the opinion of the Grand Jury as to the defendant’s guilt into the scales against him in a case lacking of evidence to support it, contending it could have been made for no other purpose than to impress the jury that the grand jury had investigated the charge against the defendant and against the alleged victim’s brother and having heard all of the evidence disbelieved the story that it was her brother who had had intercourse with her and not the defendant and it had therefore refused to indict the boy for the offense.
 

 A prosecuting officer is required to base his argument and his deductions and conclusions upon the evidence adduced during the trial and should, therefore, confine himself to a discussion of the case as presented with such reasonable comment thereon as the evidence may warrant. However, this court will not ordinarily set aside a verdict and grant a new trial be
 
 *420
 
 cause of the impropriety of a statement made by the district attorney in his argument to the jury, particularly when such a statement was provoked by the defendant and given in answer to argument of defense counsel when the jury is properly instructed with respect thereto by the trial judge, providing it does not appear from the record that the jury was influenced by such remark or that the same contributed to the verdict returned by them. State v. Tucker, 204 La. 463, 15 So.2d 854, and the cases therein cited; State v. Borde, La.Sup., 25 So.2d
 
 736, not
 
 as yet reported [in State reports].
 

 Under the particular facts of this ■case we do not think the statement complained of was justified or proper and it is difficult to appraise the impression conveyed to the jury thereby or to determine what 'influence it may have had on them, particularly when they were not timely and jproperly instructed by the trial judge to disregard the same. Clearly the statement of the district attorney was tantamount to telling the jury that by acquitting the defendant they would be telling the Grand jury, that had investigated the case, that they had made a mistake in indicting the defendant and amounted to throwing not only the Grand Jury’s opinion as to the credibility of the witnesses who appeared before that body into the balance against the defendant but also the force and effect of the indictment and, too, the fact that a future Grand Jury would ‘ not have to further investigate the case against the main prosecuting witness, against whom the Grand Jury had already refused to return a bill.
 

 The conviction of the defendant was obtained primarily on circumstantial evidence. Of the two principal witnesses involved, the alleged victim and her brother, the former testified on behalf of the defendant positively that she had never had intercourse with the defendant, but instead with her brother, while the evidence given by the brother was really circumstantial. We do not have a complete note of evidence in this case, but it seems to be conceded that the prosecuting witness could not testify that he had ever actually -seen the defendant having intercourse with his sister and while counsel for the state does say in brief that this witness testified he saw the defendant on top of his sister on one of the benches in the church and other circumstantial evidence that led him to believe they were actually committing the act, we note in the only evidence on this point transcribed that when the brother was asked whether or
 
 not
 
 the defendant was “lying just like one person was lying on another,” he replied “I couldn’t tell exactly what kind of movement was
 
 going
 
 on.”
 

 We think therefore the remark attributed to the district attorney was not only improper but also that it is highly probable it did influence the jury in arriving at its verdict. We think the verdict in this case
 
 *422
 
 fortifies this conclusion for if the defendant was guilty of anything he was guilty of aggravated rape and not of simple rape, and if the jury believed him guilty beyond a reasonable doubt it is more than probable they would not have brought in a verdict of simple rape and at the same time have asked the mercy of the court in passing sentence on him. Obviously the trial judge must have been somewhat impressed with the recommendation of the jury for he was rather lenient in sentencing the defendant.
 

 For the reasons assigned the conviction and sentence are annulled and set aside and the case is remanded for a new trial to be conducted according to law.
 

 O’NIELL, C. J., absent.