HARDY, Judge.
Plaintiff prosecutes this appeal from a judgment dismissing his suit for- want of prosecution, responsive to a motion by counsel for defendant and rule to show cause fixed in accordance therewith.
Plaintiff instituted this suit in the City Court for the Fourth Ward of Caddo Parish on December 8, 1949, and the case was tried on the merits on September 7, 1950. On February 23, 1956, counsel for defendant filed a motion to dismiss on the ground of want of prosecution for more than five years, and prayed for the issuance of a rule to show cause. Responsive to this motion plaintiff was ordered to show cause on February 29, 1956, why the suit should not be dismissed. Responding to the rule, plaintiff filed an exception of no right nor cause of action and an answer in which he denied the basis for defendant’s motion and further alleged that he had never “contemplated a voluntary, active and intentional abandonment of this suit; has committed no acts to imply such an intention; but on the other hand that all delays ‘have been caused by matters beyond his control’.” Further detailing his opposition to the motion, plaintiff asserted that his failure to hasten the case to a conclusion had been caused by numerous acts on the part of counsel for defendant. Study of the allegations of plaintiff’s answer to the rule convinces us that there is nothing in his allegations with reference to the action of defendant’s counsel which serves to excuse, much less to justify or reasonably explain, plaintiff’s failure to prosecute his action.
Before this court plaintiff urges that he should have been permitted the right to establish the facts set forth in his answer by appropriate evidence. This contention might be valid if the allegations of fact were entitled to be accorded any merit by way of justification for plaintiff’s failure to prosecute his suit, but since, as above observed, an examination of these allegations is convincing on the point that they are without substance in this respect, this contention is not entitled to consideration.
Reference to the minutes of the court establishes the fact that from date of trial of the case, September 6, 1950, to date of filing of the motion to dismiss for want of prosecution on February 23, 1956, no action of any kind was taken in the case. It is shown by the record that the transcript of evidence was filed February 3, 1956, but this was not such an action as constituted an active step in the' prosecution of this suit. This identical point was recently *393 decided by this court in Reagor v. First National Life Ins. Co., La.App., 85 So.2d 312 (writs denied by Supreme Court May 7, 1956).
In the above cited case we quoted from the opinion of the Supreme Court in Sliman v. Araguel, 196 La. 859, 200 So. 280, 281, in which the court declared:
“A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213.”
Actions taken for the purpose of procuring the dismissal of a suit for want of prosecution are founded upon the provisions of Article 3519 of the LSA-Civil Code which reads as follows:
“If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
Plaintiff insists that the codal article contemplates a voluntary, active and intentional abandonment of the suit, and in support of this position cites Gaines v. Hennen, 24 How. 553, 563, 65 U.S. 553, 563, 16 L.Ed. 770; Sheldon v. Reynolds, 14 La.Ann. 692; Bell v. Elliott, 8 La.Ann. 453; Wilson v. Marshall, 10 La.Ann. 327, and Price v. Emerson, 16 La.Ann. 95.
None of the above authorities are appropriate, since all the cases cited were decided prior to the amendment of Article 3519 by Act No. 107 of 1898, which amendment added the second paragraph of the article, quoted supra. Prior to this amendment there had been considerable confusion as to the interpretation of the article and it was the purpose of the amendment to clarify the meaning. We think there is no longer any question as to the interpretation thereof. The step in the prosecution of a suit as required by the amendment has been clearly defined. Cf. Sliman v. Araguel; Lips v. Royal Ins. Co.; Reagor v. First National Life Ins. Co., all cited supra.
 Appellant attempts to excuse his delay or neglect of prosecution by the claim that the delay has been caused by matters beyond his control induced by the acts of defendant’s counsel. Negotiations between counsel have no bearing upon the interpretation and application of the article, Sliman v. Araguel, supra.
Nor has plaintiff asserted any facts which indicate that the delay or lack of prosecution was induced by circumstances beyond his control. The cases which he cites in support of this proposition, Barton v. Burbank, 138 La. 997, 71 So. 134, and Zatarain v. Portera, La.App., 63 So.2d 477, involved facts which have no analogy to those existing in the instant case.
For the reasons assigned the judgment appealed from is affirmed at' appellant’s cost.