HAMITER, Justice.
Eugene J. Redd, the defendant herein, was charged in a bill of information with having robbed one Martin Mallet of property and currency of a total value of $100 while armed with a dangerous weapon, to-wit: a pistol. Tried before a jury, he was found guilty as charged.
Thereafter the accused filed a motion for a new trial based principally on the allegation of newly discovered evidence. Following a hearing, at which evidence was introduced, the motion was overruled; and the defendant was sentenced to serve twenty-five years in the State Penitentiary.
He is appealing from the conviction and sentence and relies on one bill of exceptions to obtain a reversal. (Three bills of exceptions, reserved during the proceedings, were perfected and appear in the record. However, in the brief submitted to this court only one of them — bill of exceptions No. 3 — is discussed; and in oral argument here defense counsel expressly stated that he was abandoning bills of exceptions Nos. 1 and 2.)
Bill of exceptions No. 3 recites only the following: “Be it remembered that on hearing of Motion for New Trial, the said motion having been overruled and denied by the Court, to which ruling and decision of the Court the defendant by his counsel, then and there excepted.
“And the defendant, EUGENE J. REDD, through counsel, having submitted this, his bill of exception to the District Attorney, now tenders the same to the Court and prays that the same be signed and sealed by the Judge of this court pursuant to the Statute in such case made and provided, which is done accordingly this 21st day of January, A.D., 1969.”
In connection with this bill the defendant argues that one of the state’s principal witnesses, a Lionel Green, had testified at the trial that he was an employee of Katz and Besthoff Drug Store on the date of the alleged offense, and that he had just left work when he witnessed the robbery; but that the evidence taken on the motion for a new trial shows (as alleged therein) that the witness was not at the drug store on the evening of such day because he was off then.
However, the testimony adduced at the hearing of the motion is not attached to or made part of the formal, perfected *1065 bill of exceptions; and, because of this, it is not before us and there is nothing for this court to review. See State v. Moye, 250 La. 117, 194 So.2d 717; State v. Hunter, 250 La. 295, 195 So.2d 273 and Articles 841-845 of the Louisiana Code of Criminal Procedure. (The jurisprudence is replete with other cases to the same effect.)
Although, as shown, we cannot consider the evidence, we note that in a per curiam to bill of exceptions No. 3 the trial judge gave his reasons for denying the new trial; and therein he recites pertinent facts involved as follows: “The defendant alleged the discovery of new and material evidence.
“This was obviously based on a misinterpretation of one witness’s testimony, which was clarified when that witness, Lionel Green, testified in the hearing on the Motion for a new trial.
“Lionel Green was an eye witness to the armed robbery, and positively identified the defendant as one of the armed robbers. When he was called as a witness for the State, he testified, on direct-examination, that he was employed at Katz & Besthoff Drug Store. Later on, on cross-examination, he was asked by the Defense, where he had been prior to coming to the barroom at 1740 Baronne Street. He testified then that he had just gotten off of work, and went to the establishment and had drunk one or two beers before the robbers came in to commit the robbery about 10:30 P.M. The defense assumed that the witness meant that he had gotten off of work from Katz & Besthoff.
“On the Motion for New Trial, the Defense subpoenaed the records of Katz & Besthoff which showed that the witness, Green, was off on that day, and the witness, Green, confirmed this and stated that this occurred on the night before Mardi Gras, and he had been working selling peanuts and popcorn on the parade route. He had not been specifically asked during the trial before the jury which job he had worked at on that day. Even if the witness had made a mistake about where he had been working on that day, it would not have altered the verdict, in view of his convincing testimony that he was in the establishment when it was robbed, positively identified the defendant as one of the robbers, and some two months later, again saw the defendant and recognized him as the robber and called the police and effected his arrest.” (Italics ours.)
Conceding, arguendo, that we can consider the merits of the motion based on the judge’s resume of the evidence, we are of the opinion that his ruling was correct. During the trial there was no misrepresentation by the witness Green as to where he was prior to going to the bar at which the robbery occurred. He was regularly employed at Katz and Besthoff Drug Store, as he testified on direct examination; and *1067 on cross examination he merely stated that' he had left work (evidently meaning the selling of popcorn and peanuts on.his day-off) just before the robbery occurred.
Even had there been a clarification of this during the trial (which there was not) we cannot understand how the result reached by the jury could be affected. The place of the witness’s work was in no manner involved in, and had no bearing, on,. the question of the guilt or innocence of the accused or of the testimony of the witness relative to his presence at the site of. the crime and his identification, of the defendant. It was totally immaterial whether the witness had just left work from his regular employment at the drug store or from his “moonlighting” job as a street vendor.
For the reasons assigned the conviction' and sentence are affirmed.