CALOGERO, Justice.
On October 20, 1972, defendant, Booker Finnice, was indicted for murder, to which indictment defendant pleaded not guilty. On February 6, 1973, defendant was tried and, at conclusion of trial on February 7, 1973, the jury convicted him of manslaughter. He was sentenced to serve seven and one-half years at hard labor and was remanded to the custody of the Department of Corrections. From his conviction and sentence defendant appealed, relying on three bills of exceptions. The first of these bills was reserved to the ruling of the trial judge denying defense counsel the opportunity to cross-examine the coroner *188 concerning certain psychological aspects of the case. The second bill of exceptions was reserved to the trial judge’s ruling allowing the prosecutor to cross-examine defendant, and attempt thereby to impeach his testimony, on certain allegedly insignificant and irrelevant matters. The third bill of exceptions was reserved to the ruling of the trial judge allowing the prosecutor to read portions of a transcript of statements made by defendant prior to trial.
The incident for which defendant was indicted occurred on May 4, 1972. On that day, as defendant was stepping out of his automobile onto the curb near his home, decedent drove up and accused defendant of conducting an affair with decedent’s wife. Threats were exchanged, nad decedent drove his automobile into defendant. Defendant retrieved a tire tool from his own car and approached decedent’s car, stuck the tool through the driver’s window, and hit decedent several times on the head. Decedent drove away in the direction of his home several houses down the street. Defendant walked to his home. During the altercation, defendant lost his keys and requested the help of a neighbor to gain entry to his house. Upon entering the house, he obtained a .38 caliber revolver which he placed in his pocket and returned to the curb to find his keys. While at the curb, decedent drove his automobile back up the street towards defendant. When defendant saw decedent, he drew his pistol and fired four bullets into decedent’s car. One of the bullets struck decedent in the head and resulted in his death.
Bill of Exceptions No. 1 was reserved during defense counsel’s cross-examination of Dr. Cummings, the coroner for Ouachi-ta Parish. Previously, on direct examination, the prosecuting attorney established that Dr. Cummings had performed an autopsy on the body of decedent and had ascertained therefrom the cause of death. Defense counsel asked Dr. Cummings if he had known defendant, to which question, the witness replied that he had known defendant for many years. Defense counsel then inquired as to whether the witness knew that defendant had only one leg, to which Dr. Cummings replied in the affirmative. Defense counsel then established that Dr. Cummings had been called on prior occasions to report psychological findings on lunacy commissions to which he had been appointed. Defense counsel then asked: “Now, doctor, a person with one leg, do they have any kind of insecurity complex?” The prosecuting attorney objected, and the trial judge sustained his objection. In his per curiam, the trial judge assigned the following reasons for his ruling:
“The Court sustained the objection, being of the opinion that it was too broad a question referring either to all one-legged people or to an indefinite person, that no basis had been given for the expression of such an opinion, and that the witness had not been properly qualified as an expert so as to be allowed to express an opinion as to insecurity complexes of one-legged individuals. Defense counsel did not attempt to overcome the objection by eliciting testimony that would have given a basis for the opinion or qualified the witness to answer such a question.”
Defendant argues on the basis of R.S. 15:28o[1] that when a witness has been called by a party whether it be by the prosecution or the defense to testify to a single fact, he may be cross-examined upon the whole case. He contends that since he was not allowed proper cross-examination, his case was prejudiced.
Article 773 of the Louisiana Code of Criminal Procedure provides:
“Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be ad *189 duced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible.”
R.S. 15:466 provides:
“The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.”
This Court has held that the competency of an expert is a question of fact and the trial judge has a wide discretion in passing on qualifications of such witnesses. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). In addition, this Court has held that the exercise of such discretion will not be disturbed in the absence of manifest error. State v. Square, 257 La. 743, 244 So.2d 200 (1971). In the present case, although defense counsel established that Dr. Cummings had known defendant and had been appointed to many lunacy commissions, he did not establish that the witness was a physician, psychologist, or psychiatrist. Therefore, it can be said that defense counsel did not lay a proper foundation for the testimony he attempted to elicit from the witness. Furthermore, the trial judge gave defense counsel the opportunity to lay such a foundation; however, such opportunity was declined. Thus, the trial judge did not erroneously sustain the prosecution’s objection.
Concerning Bill of Exceptions No. 2, the prosecuting attorney attempted on cross-examination to impeach the defendant who testified in his own behalf. Defendant testified on direct examination that he had argued and fought with decedent a short time before the shooting. After the argument, defendant testified that the man had opened his car trunk as if looking for a weapon before driving away. Defendant testified that decedent’s action gave him reason to believe that decedent was armed and ready to attack on the next occasion they met and for that reason defendant shot decedent immediately upon seeing him. On cross-examination, the prosecuting attorney inquired if defendant had said on direct examination that decedent had not opened his trunk. Defense counsel objected on the basis that the prosecuting attorney was attempting to impeach defendant by use of collateral facts or irrelevant matter in violation of R.S. 15:494.[2] The trial judge overruled the objection.
R.S. 15:486 provides:
“Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side.”
 In addition, although Article 494 of the Louisiana Code of Criminal Procedure provides that it is not competent to impeach a witness as to collateral facts or irrelevant matter, this Court has held that the rule does not forbid the state to contradict the defendant’s testimony given in his examination in chief upon an issue which he brought into the case. State v. Fletcher, 210 La. 409, 27 So.2d 179 (1946); State v. Walters, 135 La. 1070, 66 So. 364 (1914); see also Newson v. Bailey, 88 So. 2d 391 (La.App. 2d Cir. 1956). In the present case, the prosecuting attorney questioned defendant on a matter raised by defendant himself on direct examination.[3] Therefore, we conclude that the trial judge did not err in allowing the prosecuting attorney to attempt to impeach defendant by quizzing him on cross-examination as he did.
Concerning Bill of Exceptions No. 3, during the trial, defendant’s electronically recorded confession was introduced in *190 its entirety by playing the recording for the jury. During his closing rebuttal argument, the district attorney read a portion of a typewritten transcription of defendant’s recorded confession to the jury. Defense counsel objected on the ground that the whole confession had not been read in its entirety. The objection was overruled.
Defense counsel is correct in stating that the use of a confession or admission must be in its entirety. R.S. 15:450 provides:
“Every confession, admission or declaration sought to be used against anyone must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.”
However, in the instant case defendant’s confession was used in its entirety, the recording having been played in full to the jury.
The District Attorney’s reading a portion of a written transcription of the identical confession, in rebuttal argument did not constitute introduction of a portion of a confession into evidence but rather was reference to a part of the confession in argument.[4]
The State may review the evidence produced before the jury and make conclusions therefrom. State v. Green, 160 La. 79, 106 So. 701 (1925). As a general proposition, district attorneys are entitled to argue their cases to the jury with the same latitude as counsel for the defense. State v. Genna, 163 La. 701, 112 So. 655 (1927), certiorari denied 275 U.S. 522, 48 S.Ct. 22, 72 L.Ed. 405. For these reasons, we find that this bill is also without merit.
Defense counsel argues in brief that the trial court was in error in not granting defendant’s motion for a new trial based on an alleged verbal communication between a deputy sheriff and the jury foreman after the jury had begun to deliberate. A bill of exception was taken to the denial, but was not perfected. Therefore, this argument presents nothing for our review under La.C.Cr.P. Art. 920 which states:
“The following matters and orders shall be considered on appeal:
(1) Formal bills of exceptions that have been submitted to and signed by the trial court in accordance with Article 845, whether or not the bills of exceptions were made a ground for a motion for a new trial; and
(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” (Emphasis ours)
State v. Robertson, 274 So.2d 707 (La.1973), State v. Ambeau, 263 La. 357, 268 So.2d 254 (1972). The requirement that formal bills of exceptions be perfected and filed applies equally to the protest of an adverse ruling on a defendant’s motion for a new trial, provided it is based upon matters which are not already shown by prior bills of exceptions. Art. 841, Code of Criminal Procedure and paragraph d of Official Revision Comment thereunder. State v. Redd, 254 La. 1062, 229 So.2d 99 (1970); State v. Moye, 250 La. 117, 194 So.2d 717 (1967); State v. Hunter, 250 La. 295, 195 So.2d 273 (1967).
For the reasons assigned, the conviction and sentence are affirmed.

. R..S. 15:280: “When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case.”

. R.S. 15:494: “It is not competent to impeach a witness to collateral facts or irrelevant matter.”

. Furthermore, the victim’s conduct during and immediately following the earlier altercation and defendant’s testimony in chief concerning same were not irrelevant.

. Furthermore, the Court instructed the jury to disregard the attorney’s remarks if they were not supported by the record and to consider the District Attorney’s remarks as merely his opinion of what was introduced into evidence.