Eugene J. REDD, #67646,
Petitioner-Appellee,

v.

STATE OF LOUISIANA ex rel. C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellant.

No. 73-2808

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1973.

Shirley G. Wimberly, Jr., Asst. Dist. Atty., Parish of Orleans, Leroy A. Hartley, Sp. Counsel, Asst. to Atty. Gen., New Orleans, La., for respondent-appellant.

E. Howard McCaleb, III, New Orleans, La., (Court-appointed), for petitioner-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The State of Louisiana appeals from the District Court's decision to grant Eugene Redd's petition for habeas corpus relief. Redd was incarcerated pursuant to a Louisiana conviction for armed robbery. In February of 1968 Martin Mallet, a bar owner, was robbed of one hundred dollars at his place of business. Redd was arrested for the larceny two months later, solely because he was positively identified as the culprit by Lionel Green, a customer who had witnessed the crime. Redd's jury trial resulted in a verdict of guilty. After his motion for a new trial was denied, Redd appealed and the Louisiana Supreme Court affirmed his conviction and twenty-five year sentence. State v. Redd, 254 La. 1062, 229 So.2d 99 (1970).

In a subsequent habeas action that was denied by the Louisiana Supreme Court, 260 La. 405, 256 So.2d 290 (1972), and likewise in his petition before the court below, Redd contended that: (1) the basic fairness of his trial was prejudicially compromised when Green was permitted to change his testimony at a post-trial hearing, (2) the trial court's improper denial of his motion for a new trial in the face of cogent proof of Green's tainted testimony abridged his constitutional rights to con-

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 5th Cir. 1970, 431 F.2d 409, Part I.

frontation of adverse witnesses and due process, and (3) he was deprived of effective assistance of counsel when his court-appointed attorney failed to pursue valid points of error on direct appeal.

At an evidentiary hearing before a United States Magistrate, Redd testified that two police detectives promised him the armed robbery charge would be dropped if other patrons of Mallet's bar on the night of the felony were unable to identify him. On the basis of this pledge, Redd was persuaded, so he claims, to participate in a lineup without the presence of his court-appointed counsel. His photograph was taken during the lineup and shown to witnesses who subsequently testified at his trial.

Without reaching the grounds specified in the habeas petition, the Magistrate concluded on the basis of testimony adduced at the hearing, that Redd was entitled to a new trial because he had not intelligently waived his constitutional right to assistance of counsel at the post-indictment lineup. Upon an independent review of the record of the hearing and the magistrate's recommendation,[1] the district judge granted the petition, adopted the magistrate's findings and opinion, vacated and set aside Redd's conviction, ruled that in-court identifications of Redd by witnesses who were shown the lineup photograph must be excluded at his new trial, ordered Redd's release from custody should the state fail to re-try him within a reasonable time and refused to grant the state's motion for stay of the order pending appeal.

The district court's action in this cause must be vacated because the record does not reveal that Redd has ever raised the lineup-identification issue in any of the antecedent proceedings before the state courts.[2] If the district court should determine that this is indeed the fact, then it was error to grant the writ on the basis of a claim not specified in the petition and not yet exhausted in any Louisiana forum. *See* Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). It is the well established rule in this Circuit that federal habeas corpus relief may not properly be granted until all issues raised by the petitioner have been exhausted in the state courts. Hargrett v. Wainwright, 474 F.2d 987 (5th Cir. 1973); Green v. Beto, 460 F.2d 322 (5th Cir. 1972); Johnson v. Wainwright, 453 F.2d 385 (5th Cir. 1971); Harrison v. Wainwright, 424 F. 2d 633 (5th Cir. 1970).[3]

1. In a recently reported decision on an issue as yet unresolved in this Circuit, the Sixth Circuit held that the practice of holding an evidentiary hearing before a United States Magistrate on points of error raised in a habeas petition expands the Magistrate's statutory jurisdiction beyond that conferred by Congress in the Federal Magistrate's Act, 28 U.S.C. §§ 631–39, and does not accord the habeas applicant, either in form or in substance, a hearing before, or Fed.R.Civ.P. 52 findings of fact by an Article III judge. Wedding v. Wingo, 483 F.2d 1131, 1137 n. 3 (6th Cir. 1973). We neither reach nor intimate a ruling on this issue on this appeal since the matter must be remanded on other grounds.

2. We expressly decline to reach or rule upon the court's action in failing to determine whether the state record disclosed that the tainted in-court identifications were supported and admissible on the basis of an observation or source independent of the admittedly unconstitutional lineup. *See* United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 1939, 1940, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 1955–1957, 18 L.Ed.2d 1178 (1967). Clearly Green's identification of Redd at the time of arrest, if substantiated, could constitute a sufficiently independent origin unrelated to the *arguendo* unconstitutional post-indictment lineup, to preclude application of the *Wade* and *Gilbert* per se exclusionary rule. Perry v. Texas, 456 F.2d 879 (5th Cir. 1972), cert. denied, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1973); Fitts v. United States, 406 F.2d 518 (5th Cir. 1969), cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77 (1970); *see* Powell v. Wainwright, 460 F.2d 1056 (5th Cir. 1972); Ward v. Wainwright, 450 F.2d 409 (5th Cir. 1971).

3. *But cf.* Moye v. Georgia, 330 F.Supp. 290 (N.D.Ga.1971), aff'd sub nom. Moye v. Highsmith, 460 F.2d 1388 (5th Cir. 1973). This is to be distinguished from the situation in which

The writ of habeas corpus is vacated and the cause is remanded to the district court with directions to determine whether any records of the prior state proceedings disclose that the ground relied upon has been exhausted. Redd did not raise the lineup-identification question in his present petition. Should the court below determine that exhaustion is required, Redd must be accorded the alternative of electing to proceed further in the court below solely on the claims that he has previously exhausted.

Vacated and remanded, with directions.

a court denies the writ as to exhausted grounds and dismisses the petition without prejudice as to unexhausted grounds. McDonald v. Wainwright, 466 F.2d 1136 (5th Cir. 1972).