496 So.2d 1218 (1986)
STATE of Louisiana
v.
Salvadore ALFONSO.
No. 85-KA-519.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*1219 Phillip E. O'Neill, Gretna, for Salvadore Alfonso, defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for State, plaintiff-appellee.
Before CHEHARDY and GRISBAUM, JJ., and NACCARI, J. Pro Tem.
J. BRUCE NACCARI, Judge Pro Tem.
The defendant, Salvadore Alfonso, pled guilty to two charges of violating LSA R.S. 14:34.1Second Degree Battery. Defendant now appeals based on two assignments of error. For reasons which follow, we affirm.
On December 27, 1984, a bill of information numbered 84-3246 was filed charging Alfonso with second degree battery, a violation of LSA R.S. 14:34.1. Defendant pled not guilty at his arraignment. Trial commenced on April 11, 1985 when a jury was selected. On April 12, 1985 the State filed an unnumbered bill of information also charging the defendant with violating LSA R.S. 14:34.1. The defendant withdrew his former plea of not guilty and pled guilty to the offense charged in bill of information number 84-3246 and to the offense charged in the unnumbered bill of information. The trial judge then imposed sentence upon the defendant of three years without hard labor on each count, with the sentences to be served concurrently. The sentence was to be made executory on May 9, 1985. The jury was then dismissed.
On May 9, 1985, the defendant filed a motion for new trial which was denied by the trial court. The trial court then ordered that the defendant's sentence be made executory. On May 17, 1985, the defendant filed a motion for appeal. On September 26, 1985, the trial court granted a motion to dismiss the appeal. The defendant filed an oral motion for an out of time appeal which was also denied. On October 22, 1985, the Fifth Circuit Court of Appeal ordered that the defendant's appeal be reinstated.
On April 11, 1986 defense counsel submitted the following assignments of error.

ASSIGNMENT OF ERROR NUMBER 1
It is error for the trial court to sentence defendant to three year[s] in the Jefferson Parish Correctional Center. At the time of his guilty plea, defendant was under the influence of drugs due to his medical condition.
Defendant designates the transcript of April 12, 1985.

ASSIGNMENT OF ERROR NUMBER 2
It is error for the trial court to sentence defendant to three years in the Jefferson Parish Correctional Center. This is an excessive sentence under Article One, Section 21 [sic] of the Louisiana Constitution.
We note that while the defendant did file a motion for a new trial in conjunction with his guilty plea, which was denied by the trial judge, the motion was based on the following grounds:
The court in conducting its Boykin Colloquy mistated [sic] the law and as such constitutes prejudicial error.
Defendant's plea was not voluntary and free from coercion and if allowed to stand would result in a denial of his constitutional rights to withdraw and illegally obtain plea.
The courts [sic] colloquy with defendant was so cursory as to be illusory, shows a lack of a factual for defendants plea and to allow same to stand would not serve the ends of justice.
However, the defendant, in his assignments made part of the record, states that at the time of his guilty plea he was under the influence of drugs due to his medical condition. This assignment was neither put before the trial court nor briefed or argued before this court. It is well established that an assignment which is neither briefed nor argued is considered abondoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Lane, 427 So.2d *1220 1276 (La.App. 2nd Cir.1983); State v. Smith, 480 So.2d 972 (La.App. 3rd Cir. 1985). On that ground, the defendant's assignment of error regarding the invalidity of his guilty plea due to his condition while under the influence of drugs is deemed abandoned and as such will not be considered by this court.
Additionally, the defendant did file a brief which included the following argument. Subsequent to his guilty plea to the two charges of second degree battery, the defendant married the victim who has since recanted her testimony, and he has located several witnesses who would be willing to testify as to his whereabouts on the date of one of the incidents. The defendant, in his brief, is attempting to argue a motion to withdraw his guilty plea based on newly discovered evidence for the first time on appeal. It is well settled that a new basis for an objection cannot be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Sims, 426 So.2d 148 (La.1983); State v. Burdgess, 434 So.2d 1062 (La.1983). This requirement has been held to apply equally to an adverse ruling on a defendant's motion for new trial, provided it is based on objections not previously assigned as error. State v. Finnice, 285 So.2d 187 (La.1973).
Accordingly, we decline to address this issue noting that it may be more properly addressed by a motion for new trial filed in the trial court following this appeal or by application for post-conviction relief.
Parenthetically, we note that the record before us reflects that the trial court advised the defendant of the maximum sentence that he could receive, his waiver of trial by jury, his waiver of his right to appeal, his waiver of his right to confront and cross-examine his accusers (and to call witnesses on his own behalf), and that by pleading guilty he was admitting that he had in fact committed the crimes charged. In addition, the defendant told the trial court that his attorney had advised him of his rights to trial by jury, to confront his accusers and against self-incrimination and that he understood those rights. The record also contains a waiver of rights form signed by the defendant. Thus, in reviewing the record we have determined that the defendant was properly "Boykinized" prior to the entry of his plea of guilty. Furthermore, the defendant's sentence was imposed on April 12, 1985 immediately after the defendant pled guilty to the charges even though it was not ordered executory until May 9, 1985. A Court may allow a plea of guilty to be withdrawn at any time before sentence, La.C.Cr.P. art. 559. The Court, in State v. Smith, 406 So.2d 1314 (La.1981) noted that although a trial court may, pursuant to C.Cr.P. art. 559, allow a plea of guilty to be withdrawn at any time before sentence is imposed, a trial court may nevertheless only set aside a plea and sentence when the facts surrounding the guilty plea render it constitutionally deficient, citing State ex rel. Clark v. Marullo, 352 So.2d 223 (La. 1977). In State v. Deville, 457 So.2d 864, 865 (La.App. 3rd Cir.1984) the Third Circuit noted "[a] plea of guilty cannot be withdrawn after a sentence has been imposed, unless it is shown that the plea and/or sentence are constitutionally infirm." Likewise, the First Circuit has also held that once a sentence has been imposed, a trial court can properly vacate a guilty plea only when it determines that the facts surrounding the plea render it constitutionally deficient. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983). As the defendant's plea was not constitutionally deficient based on the grounds presented to the trial judge, there was no abuse of discretion. Accordingly, this issue lacks merit.
In his second assignment of error, the defendant contends that the imposition of two terms of three years without hard labor, to be served concurrently, is excessive. Additionally, the defendant alleges that the trial court erred in not considering the guidelines of La.C.Cr.P. art. 894.1 in imposing sentence.
The record reflects that the defendant knowingly agreed to the sentence imposed as a result of the plea bargain. By the terms of his plea, he substantially reduced his sentencing exposure. The defendant *1221 received two sentences of three years without hard labor, to be served concurrently. The maximum sentence that the defendant could have received for each count pursuant to LSA R.S. 14:34.1 is five years at hard labor and a two thousand ($2,000.00) dollar fine.
The Louisiana Supreme Court held in State v. Bell, 412 So.2d 1335, 1336 (La. 1982), "It has been held by this court that where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Article 894.1." See also: State v. Curry, 400 So.2d 614 (La.1981); State v. Gray, 404 So.2d 1215 (La.1981); State v. Smith, 430 So.2d 801 (La.App. 5th Cir.1983). Accordingly, the defendant may not raise this issue on appeal. However, even assuming this issue were appealable, we do not find that the trial judge erred in sentencing the defendant to three years on each count to be served concurrently when we consider the extent of the victim's injuries. As the individual sentences are not excessive, articulated reasons for each sentence pursuant to La.C.Cr.P. art. 894.1 are not mandated.
For the reasons assigned, the conviction obtained by the plea of guilty and the sentence of Salvadore Alfonso are affirmed.
AFFIRMED.