769 So.2d 176 (2000)
James L. CLARK, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 33,960-CW.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2000.
Casten & Pearce by Theodore J. Casten, Shreveport, for Appellant.
James H. Askew, Shreveport, for Appellee.
Before WILLIAMS, PEATROSS & DREW, JJ.
*177 PEATROSS, J.
This writ application arises from the reinstatement of Plaintiff, James L. Clark's, suit which had previously been dismissed on grounds of abandonment. For the reasons stated herein, we grant the writ, make it peremptory and reverse.

FACTS
On January 16, 1995, Mr. Clark was involved in an automobile accident while riding as a guest passenger in an automobile owned and operated by June Manasco. At the time of the accident, both Mr. Clark and Ms. Manasco had, in full force and effect, policies of automobile insurance issued by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), which offered uninsured/underinsured motorist coverage.
Mr. Clark settled his tort claim against the negligent driver of the other vehicle and her insurance carrier for the policy limits. On January 16, 1996, Mr. Clark filed a petition for recovery of the remainder of his damages pursuant to the uninsured/underinsured motorist coverage afforded by his policy and Ms. Manasco's policy with State Farm. Mr. Clark requested that service of the petition on State Farm be held because the parties were still in negotiations, but State Farm was provided with a courtesy copy.
On October 14, 1996, in accordance with the terms of the uninsured/underinsured motorist policy and La. R.S. 22:658, State Farm tendered a check in the amount of $3,000 to Mr. Clark. The check was accompanied by a letter indicating that the payment was an unconditional tender. Mr. Clark filed a copy of the check and letter into the record on June 15, 1999. On that same date, the clerk was requested to perfect service of process of the petition on State Farm. Service was perfected on June 22, 1999.
On August 2, 1999, State Farm filed a motion and order to dismiss Mr. Clark's suit on grounds of abandonment, which was signed by the trial court that day. On August 27, 1999, Mr. Clark filed a Rule Nisi to set aside the order of dismissal. On March 6, 2000, the trial court issued a written opinion in which it found that the unconditional tender of October 14, 1996, was a step in the prosecution of the case which interrupted the running of the time period for abandonment. The trial court set aside the dismissal and reinstated the suit. It is from this reversal that State Farm has applied for supervisory writs.

DISCUSSION
Abandonment of suit is governed by La. C.C.P. art. 561, which states, in pertinent part, as follows:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
State Farm asserts that the evidence of the unconditional tender was extrinsic in nature because it was not made a part of the record until after the period of abandonment had elapsed. State Farm further asserts that the trial court erred in admitting the extrinsic evidence to set aside the dismissal of this suit on grounds of abandonment.
Mr. Clark asserts two arguments, however, as to why the unconditional tender should be considered in determining whether the suit has been abandoned. He first asserts that, as an insurance carrier providing uninsured/underinsured motorist coverage, State Farm has an obligation to make an unconditional tender to its insured pursuant to La. R.S. 22:658, or be subject to penalties. Mr. Clark argues, therefore, that the payment of an unconditional tender is a defense of the action because of the requirement of La. R.S. *178 22:658. He does not, however, provide any support for this argument. To the contrary, such a tender is merely part of the negotiation process which does not constitute a step in the prosecution of a suit. See Newson v. Bailey, 88 So.2d 391 (La. App. 2d Cir.1956). A "step" in the prosecution or defense of a suit occurs when a party takes formal action ... intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La. 1983).[1] An unconditional tender is neither formal, nor does it hasten a matter to trial. Most important, it was not made a part of the record until after the suit had technically been abandoned pursuant to La. C.C.P. art. 561.
Any step taken by a party after the period for abandonment has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. Middleton v. Middleton, 526 So.2d 859 (La. App. 2d Cir.1988). La. C.C.P. art. 561 requires that any action in prosecution or defense of a suit, except for discovery, must be filed in the record. In the case sub judice, Mr. Clark claims that State Farm's unconditional tender was an action in defense of the suit. It was not filed in the record, however, until June 15, 1999, after the three-year period for abandonment had run and should not have been considered.
Mr. Clark next argues that the unconditional tender is an acknowledgment by State Farm of an amount which it reasonably believes it owes and is not refundable. Citing La. C.C.P. art. 1422[2], Mr. Clark asserts that the statutory mandate to disclose the amount not in dispute is discovery. According to Mr. Clark, because La. C.C.P. art. 561 no longer requires that all discovery be filed in the record, the fact that evidence of the tender was not filed in the record at the time it was given is of no consequence.
Although we find Mr. Clark's argument to be a novel one, we find no merit in it. The tender of an undisputed sum is a form of negotiation, not discovery. Discovery is the gleaning of information relevant to the prosecution or defense of one's suit. The acceptance or rejection of a tender is not a gleaning of information. Although discovery is no longer required to be filed in the record, the step must still be a formal action intended to hasten the matter to judgment. Chevron, supra.
In Chevron, supra, the court refused to consider any of the numerous correspondence filed into the record evidencing negotiations between the parties as a "step" in the prosecution or defense of the suit. Steps in negotiations do not become a formal step in litigation merely by virtue of being filed into the record. Similarly, we do not find the evidence of negotiations in the form of an unconditional tender to be a step in the defense or prosecution of the instant suit, regardless of the amendment to La. C.C.P. art. 561 which eliminated the requirement of recordation. Finally, the fact that negotiations were ongoing did not prevent Mr. Clark from taking his own steps in the prosecution of the suit to ensure it was hastened toward judgment. Newson, supra.
We, therefore, find no merit to either of Mr. Clark's arguments that the unconditional tender extended by State Farm was in any way a step in the prosecution or defense of the suit.

DECREE
For the foregoing reasons, the judgment of the trial court reinstating the suit filed *179 by Plaintiff, James L. Clark, is reversed and the suit is dismissed as abandoned. All costs are assessed to Plaintiff, James L. Clark.
WRIT GRANTED AND MADE PEREMPTORY.
REVERSED.
NOTES
[1] The 1997 amendment to La. C.C.P. art. 561, which eliminated the necessity to file discovery in the record, legislatively overruled Chevron Oil Co. v. Traigle, supra, as to that requirement.
[2] La. C.C.P. art. 1422 states, in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party....