(103 So. 177)

No. 26903.

## STATE v. LEDOUX.

(Jan. 5, 1925.  Rehearing Denied Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊙⟿1144(16)—Accused presumed to have been tried on entire charge as preferred.**

Unless minutes affirmatively show the contrary, presumption is that accused, on his trial, was tried on entire charge as preferred against him.

2. **Criminal law ⊙⟿995(2)—Minutes held not affirmatively to show accused was not tried on entire charge preferred.**

In prosecution for selling and disposing of intoxicating liquor for beverage purposes under Act No. 39 of 1921, § 1, minutes *held* not affirmatively to show that defendant was not tried on entire charge preferred against him.

3. **Criminal law ⊙⟿1144(16)—Defendant presumed only to have been convicted of selling intoxicating liquors.**

In liquor prosecution, if partial minute entry of charge, at beginning of entry, showing trial, was sufficient to show that defendant was tried only for selling intoxicating liquor for beverage purposes, it would be presumed that he was convicted of that offense only, where verdict was shown in same entry as trial, and hence under same heading showing charge.

4. **Criminal law ⊙⟿1144(16)—Law presumes verdict of guilty relates only to part of charge on which accused was tried.**

Law presumes, unless contrary appears, that general verdict of guilty relates only to that part of charge on which accused was tried.

5. **Criminal law ⊙⟿369(1)—Evidence of another offense inadmissible.**

Generally, evidence of another offense is not admissible, since it is evidence of an act not charged in bill of indictment.

6. **Witnesses ⊙⟿405(1)—Witness testifying on examination in chief to matter irrelevant to issue may be contradicted with respect to it.**

Where a witness testifies on his examination in chief to matter irrelevant to issue, he may be contradicted with respect to it, though it is otherwise, where irrelevant matter is brought out on cross-examination.

7. **Criminal law ⊙⟿1137(5)—State's evidence in rebuttal of defendant's irrelevant evidence held no ground for complaint.**

In liquor prosecution, defendant, who made no effort to withdraw irrelevant evidence, elicited on his examination in chief that he had never used, handled, or dealt with intoxicating liquors, when state attempted to rebut it by proof of another offense, but permitted it to remain in record for what he considered it worth to him, could not complain because court permitted state, within reasonable bounds, to rebut such evidence.

8. **Criminal law ⊙⟿1111(3)—Overruling motion for new trial on ground judgment was contrary to law and evidence held not reviewable in view of statement in bill of exceptions.**

Exception to overruling of defendant's motion for new trial, based on ground that judgment finding defendant guilty was contrary to law and evidence, presented nothing for review, where judge in his statement made in bill stated that evidence showed defendant's guilt, under the law, beyond a reasonable doubt.

O'Niell, C. J., dissenting.

Appeal from Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Ned Ledoux was convicted of selling and disposing of intoxicating liquor for beverage purposes, and he appeals. Affirmed.

M. R. Stewart, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Griffin T. Hawkins, Dist. Atty., of Lake Charles, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

OVERTON, J.  Defendant was indicted for having sold and disposed of intoxicating liquor for beverage purposes. He was tried, found guilty, and sentenced to 60 days in jail, to pay a fine of $500, and in default of paying the fine to 4 months additional imprisonment.

Defendant has appealed from the sentence

pronounced against him, and has assigned in this court, as error patent on the face of the record that, by a general verdict of guilty, he was convicted of selling and disposing of intoxicating liquor for beverage purposes, with which offense he was charged, when, as a matter of fact, as appears from the minutes of the trial court, he was tried for only selling intoxicating liquor for beverage purposes, and hence was convicted of disposing of it for such purposes without trial.

The offense for which defendant was indicted is denounced by Act 39 of 1921, the first section of which, in so far as pertinent, reads as follows:

" * * * No person shall manufacture, sell, or in any manner dispose of * * * intoxicating liquors within this state * * * for beverage purposes. * * *"

. The purpose which the Legislature had in inserting the phrase, "or in any manner dispose," after the word "sell" was to include a disposal of intoxicating liquor for beverage purposes, which is not a sale, as, for instance, when it is an exchange of the liquor for some commodity, and this is the conception of the statute that the defendant has in mind when he says that he was charged with selling and disposing of intoxicating liquor for beverage purposes, tried only for selling it, but convicted of selling and disposing of it.

Defendant refers us to the bill of indictment and to the minute entry of the trial to substantiate his position that he was tried for only selling intoxicating liquor, but was convicted of both selling and disposing of it. The minutes of court show, among other things, the return of the indictment, the arraignment, the trial, and conviction, and show in connection with each one of these entries the title and number of the case, and then show the following, to wit: "Charge: Selling intoxicating liquor for beverage purposes, without showing the rest of the charge as preferred by the grand jury. Then follows the entry showing the proceedings had in the case for the day on which the entry was made.

[1, 2] Unless the minutes affirmatively show the contrary, the presumption is that the accused, on his trial, was tried on the entire charge as preferred against him. In this instance, the minutes do not affirmatively show that he was not so tried. In fact, it is manifest from a mere reading of the minutes that the sole purpose that the clerk had in making the partial entry, made by him at the beginning of each minute entry, was to better identify the entry with the case, and not to show in full what charge the grand jury, in returning the bill of indictment, returned against the accused, or to show the charge in full upon which he was arraigned or tried.

[3, 4] Let us assume, however, that we are in error in so holding, and that we should hold instead that defendant was tried for only selling intoxicating liquor for beverage purposes, still the assignment of error under consideration would be groundless. This would be so, because, if the partial minute entry of the charge, at the beginning of the entry, showing the trial, is sufficient to show that the accused was tried only for selling intoxicating liquor for beverage purposes, then, by the same reasoning, it ought to be held that he was convicted of that offense only, for the verdict is shown in the same entry as the trial, and therefore under the same heading, showing the charge, and especially should it be so held when it is remembered that the law presumes, unless the contrary appears, that the general verdict of guilty relates only to that part of the charge upon which the accused was tried. And it may be added that, by the same general line of reasoning, if we adopt defendant's position as to the trial entry as being correct, it ought to be held that defendant

was sentenced for only selling intoxicating liquor for beverage purposes, for the same partial entry of the charge appears at the beginning of the entry, showing the sentence word for word as it appears at the beginning of the entry showing the trial. No reason exists to interpret one entry of the charge one way and the other another way. Hence 'from no standpoint is defendant's assignment of error sound.

Defendant, in addition to the foregoing assignment, has presented two bills of exceptions for consideration. In the first of these it appears that, after defendant had closed his case, the state placed a witness on the stand, and asked him if he had ever bought any intoxicating liquor from the accused. Defendant objected to this question, because it called for evidence which was not in rebuttal, and also because, if the state 'sought to disprove good reputation, it was improper to disprove it by specific acts. The court overruled the objection and admitted the evidence for the following reason, to wit:

"The accused had testified that he did not sell intoxicants as charged, and that he had never used, handled, or dealt in any manner with intoxicants. The evidence objected to was in direct rebuttal of this statement, the voluntary introduction of which by the accused opened the door for its rebuttal."

The witness answered the question, saying that, about two months prior to the alleged commission of the act for which defendant was being prosecuted, he bought two quarts of wine from him.

[5] Evidence of the nature of that offered by the state, as a general rule, is not admissible, for it is evidence of an act not charged in the bill of indictment. If its admission in this instance does not constitute reversible error, it is only because defendant opened the door for its admission, as rebuttal evidence, by going beyond the bill of indictment, of his own motion, and testifying that

he had never used, handled, or dealt in any manner with intoxicants, and therefore by his own act is in no position to complain. In Cyc. vol. 40, p. 2496, it is said:

"One who has brought out improper testimony on the examination in chief of his witness cannot complain of the cross-examination of the witness on the same subject; but, where the direct testimony of a witness has been ruled out, a question on cross-examination which is given in such form as to make the answer thereto a repetition of the incompetent testimony previously ruled out is properly excluded."

[6] Moreover, where, as is the case here, a witness testified on his examination in chief to a matter irrelevant to the issue, he may be contradicted with respect to it, though it is otherwise where the irrelevant matter is brought out on cross-examination. McArthur v. State, 59 Ark. 431, 27 S. W. 628; Grimes v. Hill, 15 Colo. 359, 25 P. 698; State v. Goodwin, 32 W. Va. 177, 9 S. E. 85.

[7] Our conclusion is that, as defendant made no effort to withdraw the irrelevant evidence, when the state attempted to rebut it, but permitted it to remain in the record for what he considered it worth to him, he cannot complain because the court permitted the state, within reasonable bounds, to rebut it.

[8] The remaining bill to be disposed of is one to the overruling of a motion for a new trial, based on the ground that the judgment rendered by the trial judge, finding the accused guilty, is contrary to the law and the evidence. In his statement, made in the bill, the judge says that the evidence shows the guilt of the accused, under the law, beyond a reasonable doubt. This ruling, with respect to the motion, is final, and presents nothing for review. State v. Robertson, 133 La. 806, 63 So. 363; State v. Labry, 124 La. 748, 50 So. 700.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., is of the opinion that the district judge erred in admitting evidence of another offense, said to have been committed two months before the date of the offense charged, and that in the expression in the indictment, "did sell and dispose of," the language, "and dispose of," was redundancy.