273 So.2d 277 (1973)
STATE of Louisiana
v.
F. O. DIDIER, Jr.
No. 52421.
Supreme Court of Louisiana.
February 13, 1973.
*278 William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Counsel to Atty. Gen., New Orleans, for plaintiff-appellant.
Maxwell J. Bordelon, Marksville, for defendant-appellee.
PER CURIAM.
The defendant was charged with violation of La.R.S. 42:283-286. The District Attorney made a motion for change of venue, which motion after a contradictory hearing was denied by the court. To this ruling there was reserved and perfected one bill of exceptions which is the basis for this appeal by the state. La.C.Cr.P. Art. 912(B)(5).
Granting or denial of a change of venue rests within the sound discretion of the trial judge. His ruling denying such a motion will not be disturbed on appeal unless the evidence affirmatively shows that the ruling was erroneous and a clear abuse of judicial discretion. State v. Poland, 255 La. 746, 232 So.2d 499 (1970); State v. LeJeune, 248 La. 682, 181 So.2d 392 (1965); State v. Rogers, 241 La. 841, 132 So.2d 819 (1961).
La.C.Cr.P. Art. 622 provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending ..."
We find that the state has not presented a sufficient basis to warrant a change of venue in this case. The only grounds alleged in the motion for change of venue were that since the defendant is the sheriff and will be the sheriff of the parish in which this case will be tried, and since numerous provisions of the laws of Louisiana vest the Sheriff with certain duties relative to criminal proceedings, therefore it would be possible for the defendant to exercise undue influence and control over the fair and impartial administration of his trial. This overlooks the provision of Louisiana Constitution Art. 7, Section 71 (1921) that the coroner of parishes (other than Orleans) "act[s] for and in place of the sheriff, whenever the sheriff [is the] party interested ..." The mover did not bear his burden of proving, Article 622, the need for a change of venue.
This bill of exceptions is without merit.
For the reasons assigned, the case is remanded to the District Court for further proceedings consistent with the opinion expressed herein.