DIXON, Justice
(concurring)
I respectfully concur.
The standard which determines the admissibility of evidence of an extraneous of *727 fense is whether the evidence is probative of a material issue, and whether the probative value of the evidence outweighs its prejudicial effect. State v. Moore, 278 So.2d 781 (La.1973). False or fabricated issues will not support introduction of evidence of other crimes even where such evidence is relevant to those issues. State v. Moore, supra, and the authorities cited therein. See also State v. Harrison, 291 So.2d 782 (La.1974); State v. Jordan, 276 So.2d 277 (La.1973).
In the instant case, ownership of the pistol was a false issue. The defendant was arrested in a house along with one Jackson. The police discovered the gun in question under a mattress. They then asked who the gun belonged to and the defendant admitted it was his. The source of the defendant’s possession or the true ownership of the weapon was never at issue in this case. Possession or access to the weapon was effectively removed as an issue from the case by the admission made by the defendant in his out-of-court statement and his testimony from the stand.
The State argues that the evidence was admissible to show that the defendant lied from the stand when he stated that he had bought the gun. The evidence is thus alleged to be relevant to the credibility of the defendant.
Although the credibility of a defendant who takes the stand is always at issue, the methods by which he, or any witness, may be impeached are limited. One limitation is that a witness may not be impeached on a collateral matter. R.S. 15 :494.
It is clear that ownership of the weapon and the source of the defendant’s possession were collateral facts in this prosecution since they were not real and material issues.
The jurisprudence of this State has developed a rule that the prosecution may contradict the defendant’s testimony given in examination in chief upon an issue which he brought into the case even though it is immaterial and collateral. See State v. Ledoux, 157 La. 821, 103 So. 177 (1925); State v. Walters, 135 La. 1070, 66 So. 364 (1914); State v. Bellard, 132 La. 491, 61 So. 537 (1913). Under this rule only collateral facts elicited on cross-examination may not be contradicted. State v. Swindall, 129 La. 760, 56 So. 702 (1911); Wharton’s Criminal Evidence, Vol. 2, § 467 (13th ed. 1972). The apparent purpose behind this rule is to prevent the entrapment of a witness subject to a broad scope of cross-examination which is not necessarily limited to material issues and may, within discretion of the court, range rather far afield, while, at the same time, permitting the impeachment of a witness who deliberately includes untruths in his testimony even though they are not germane to the case.
Where a defendant takes the stand and undertakes to testify on direct examination with regard to activity extraneous to that at bar, I have little doubt that evidence of other offenses which contradicts that testimony and thus impeaches the witness is admissible. Cf. State v. Ledoux, supra. In such an instance I do not believe that the notice requirements of Prieur would be applicable, since the use of the evidence could not reasonably be anticipated by the State.
In the instant case the testimony of the defendant on direct — that the gun was his —amounts to no more than an assertion that the gun was in his possession. The statement did not tend to exculpate the defendant; rather it had the opposite effect. The State then proceeded to fabricate the issue of ownership of the weapon by eliciting from the defendant on cross-examination a story of how he acquired the gun. Then on rebuttal this story was contradicted by a witness who testified that the gun was his and had been stolen from him by the accused.
Under the circumstances I do not believe the simple admission made by the defendant from the stand constituted such testi *728 mony as to justify introduction of evidence of other crimes,. Rather, the State on cross-examination erected a basis on which it could impeach the witness on a collateral matter by use of evidence of other crimes. Such a procedure is improper and the prejudicial nature of the evidence used to contradict dictates reversal.