SUMMERS, Justice.
Appellant was charged with the violation of Article 80 of the Criminal Code “between the date of October 1, 1972 and March 1, 1973” in that “he being a male over the age of seventeen years, did have sexual intercourse with Marilyn Phelps, with her consent, she being an unmarried female person under the age of seventeen but over the age of twelve years.”
The following bills of exceptions were reserved in the trial court and are relied upon on this appeal to reverse the conviction and sentence.

Bilbl

During examination of the prospective jurors on voir dire, defense counsel challenged Mrs. Oceal Martin for cause because she was a “patrol mother” serving at a school crossing and also had a deputy sheriff’s card. Although Article 403 of the Code of Criminal Procedure, in effect at the time of this trial in April 1974, grants “peace officers” exemption from jury service, the article specifically provides that the exemption is personal to those named and “is not ground for challenge.”
Article 797 of the Code of Criminal Procedure lists the challenges for cause, and the fact that a person is a deputy sheriff is not one of the causes for challenge. In State v. Reese, 250 La. 151, 194 So.2d 729 (1967) the Court ruled that the fact that a prospective juror is a deputy sheriff does not in and of itself disqualify him from jury service. In the absence of a showing that one of the causes set forth in Article 797 exists, the ruling of the trial judge denying the challenge for cause will not be disturbed. State v. Willis, 262 La. 636, 264 So.2d 590 (1972).

Bill 2

A motion to quash the bill of information was filed by the defense alleging that it did not inform the defendant of the nature and cause of the accusation against him as required by Section 10 of Article I of the Constitution (1921). Particularly, it is said that that portion of the indictment charging that the offense occurred “be *566 tween the dates of October 1, 1972 and March 1, 1973” lacked specificity and was too general in nature. Alternatively, the motion alleged that the indictment was duplicitous in that it “contains or infers a series or a number of necessarily separate offenses in one and the same count”.
As to the first contention raised by the motion, the complaint that a more exact date should have been given is without merit. Section 10 of Article 1 of the Constitution does not require that the time of the offense be specified in every case. Also Article 468 of the Code of Criminal Procedure makes clear that “The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense”.
Defendant’s argument that time was essential to this offense because during the five month period referred to in the bill of information the prosecuting witness may have arrived at the age of consent, or prescription may have accrued thereby negativing commission of the offense. This contention is without merit. The answer to the bill of particulars and the testimony of the prosecuting witness established that she was born on January 18, 1958. She could not, therefore, have arrived at the age of seventeen, nor could the four year period of limitation prescribed by Article 572 of the Code of Criminal Procedure have accrued during the interval between October 1, 1972 and March 1, 1973.
This bill is without merit.

Bill 3

 When his motion for a change of venue was denied, defense counsel reserved this bill. The motion alleges that prejudice exists in the public mind to such an extent that defendant cannot obtain a fair trial. The prejudice, allegedly, arises out of the undue influence of the defendant’s wife and members of her church. Originally defendant was charged with aggravated rape; that this is one of several prosecutions against defendant of recent date in the same court designed by defendant’s wife to inflame the public and “put defendant away” so that his wife can obtain a divorce and get all the community property.
Defendant called several witnesses at the hearing on the motion who testified that the suit had not received unusual or notable publicity in the community. Representatives of the local newspaper and radio testified that defendant’s prosecution had received no unusual publicity. Other members of the community testified that they had not heard of the defendant or the charges against him.
On this record no adequate showing has been made to warrant overturning the trial judge’s ruling denying a change of venue. His discretion in such a matter will not be disturbed unless clearly abused. State v. Didier, 273 So.2d 277 (La.1973).

Bill 4

Shortly before the trial, the district attorney was told that a witness had supposedly heard an inculpatory statement made by defendant. The district attorney then gave written notice to defendant that he would introduce the inculpatory statement. As there were no inculpatory statements furnished in response to defendant’s prayer for oyer, defense counsel objected that he could not begin trial in view of this unexpected development. A continuance was requested by motion and denied. This bill was reserved.
The prosecution did not introduce the statement nor was any mention made of it at the trial. Obviously the issue is moot and defendant suffered no prejudice by the ruling complained of.

Bill 5

While the prosecuting witness was under cross-examination by defense coun *567 sel, he attempted to question her with regard to other criminal charges she had made against the defendant. When defense counsel sought to introduce the bills of information to establish the other charges, the State objected and the objection was sustained.
Later in the trial, according to the transcript, defendant placed the bills- of information in evidence while questioning the deputy clerk of court about them. Lengthy cross-examination of the prosecuting witness did take place on the subject of the other charges.
There is no merit to this bill.

Bill 6

On re-direct, the district attorney asked the fifteen year old prosecuting witness: “Q. Marilyn, how old where you when this business started with Ned? A. While I was nine, going on ten.” Defendant objected and moved for a mistrial and moved to strike the question and answer. These were denied and this bill was reserved.
It is the defense contention that the State was producing evidence of another crime six years earlier—the crime of aggravated rape.
Although the testimony of the prosecuting witness does tend to show the commission of another crime by the defendant, the testimony was proper, for defense counsel on cross-examination of the witness asked the witness if she had charged defendant with aggravated rape. He also mentions the charge of aggravated rape in his opening statement. After the question had been asked, defense counsel repeated it, and later during the trial the defense introduced the juvenile file containing a statement of the prosecuting witness to the effect that she had engaged in sexual intercourse with the defendant at the age of nine. Defense counsel not only opened the door to the evidence objected to but also adopted that evidence for the purposes of the defense.
This bill has no merit.

Bill 7

When the State asked the prosecu-trix to face the jury and tell them if the defendant was the man who was having sexual relations with her, defense counsel objected that the question sought testimony which was irrelevant and prejudicial. The objection was overruled.
It may be true that the evidence sought was prejudicial in the sense that it contributed to the finding of guilt; but it was not prejudicial in the sense that it was improper and thus illegally contributed to the finding of guilt. The evidence sought was material and relevant and bore upon the very substance of the crime charged.
This bill has no merit.

Bill 8

In this bill the defense complains that the juvenile officer brought his file into court while he was testifying, used it for testimony, and the defense was not allowed to see it.
Although the juvenile officer, Bickham, had the file in his hand during his testimony, the trial judge observed that he did not refer to the file. At the time of the objection the State’s attorney was of the opinion that the file was a privileged juvenile record and not subject to view by defense counsel. It was ascertained thereafter, however, that the file was not a juvenile record, and the file was offered to defense counsel and then offered again when the juvenile officer resumed the stand to testify. The file was placed in evidence by defense counsel.

Bill 9

Although several objections are made the subject of this bill, the brief confines *568 argument on the bill to what defense counsel terms a defamatory attack upon the defendant by the State’s attorney. In his cross-examination of defendant the State’s attorney questioned the genuineness of a feigned heart attack of the defendant while in jail.
This cross-examination was prompted by the defendant’s testimony on direct of his poor health, his heart condition and “possibly brain tumor” and his requirement for regular medical care. The prosecutor asked the defendant to face the jury and tell them whether he expected them to believe his testimony. Defense counsel’s objection was sustained and the matter went no further.
The argument is also made that the trial judge permitted the State to cross-examine the defendant relative to other charges involving other defendants. As we understand the contention, defense counsel introduced the record of other criminal charges against other defendants to support the defense theory that a practice existed whereby women filed such charges against unwanted husbands in order to get rid of them.
In his opening statement defense counsel explained his theory: “We are going to show you that if you add this up, then the defendant is being prosecuted by his wife and some of her friends for the purpose of putting him away so she can obtain a divorce and custody of the chilren and all the community property.”
In addition to the basic proposition that full cross-examination is permitted when the witness is tendered by the calling party, La.R.S. 15:280, there are numerous cases holding that once a party opens the door on a particular subject, as in this case, the other party can then explore the subject fully. State v. Ledoux, 157 La. 821, 103 So. 177 (1925).
This bill is without merit.

Bill 10

The trial judge declined to give this much of a special charge requested by defendant:
“A man’s good character may sometimes create a reasonable doubt as to the defendant’s guilt, when no such doubt would have existed but for such good character, and the same weight should be given to this reasonable doubt as any other reasonable doubt arising in the case, and the accused acquitted.”
The quoted sentence is repetitious and redundant. The preceding sentence of the requested charge is substantially similar. La.Code Crim.Proc. art. 807.

Bill 11

In closing argument the prosecutor referred to the defendant as “lowdown” and as guilty as anyone could be, whereupon defendant moved for a mistrial which was denied. Continuing, the prosecutor said that this kind of thing had to stop, as it- had happened twice before in the parish. Again the defendant moved for a mistrial which was also denied.
It is contended that this reference to the fact that such an offense had occurred twice before was prejudicial. Reference to the two cases mentioned were the two cases involving other defendants to which defendant’s counsel had alluded in his opening statement, and the records of those cases had been introduced into evidence by the defense. It was permissible therefore for the prosecutor to draw a reasonable conclusion in his closing statement from (he evidence in the record.
There is no merit to this bill.

Bill 12

When the trial judge admonished defense counsel not to discuss any witness *569 in the courtroom, defense counsel objected that it was a comment on the evidence. It was not.
There is no merit to this bill.
For the reasons assigned, the conviction and sentence are affirmed.