MARCUS, Justice.
Allied Supermarkets, Inc., doing business as K-Mart Food Stores, was charged by bill of information with 127 separate counts of misrepresenting the price and quantity of a commodity, to-wit: 127 different packages of beef, pork and poultry, sold and offered for sale to actual and prospective customers in violation of La.R.S. 55:15(A). Defendant corporation pleaded guilty as charged through counsel and was sentenced to pay a fine of $150 on each of the 127 counts or a total sum of $19,050, plus court costs. Defendant objected to the sentences at the time of imposition and appeals therefrom asserting a single assignment of error.
Defendant contends that the sentences imposed by the trial judge are illegal in that they amount to the imposition of multiple punishments for a single offense and exceed the maximum fine prescribed for the charged offense in La.R.S. 55:19.[1] Defendant argues that the bill of information charged only a single offense since the statute pursuant to which defendant was charged, La.R.S. 55:15(A), merely provides for a single offense and the packages of meat, whose weights were misrepresented by defendant, were sold at the same counter in the same grocery store and were inspected on the same day to determine if their weights had been misrepresented, a practice commonly known as shortweighing meat.
The sole issue presented for our consideration is whether defendant was punished more than once for the same offense. Resolution of this issue rests upon a determination of whether the legislature in enacting La.R.S. 55:15(A) intended to make each misrepresentation of the price or quantity of a commodity, thing or service a separate offense subject to separate punishment. See, State v. McCarroll, 337 So.2d 475 (La.1976).
La.R.S. 55:15(A) provides:
A. No one shall misrepresent the price or quantity of a commodity, thing, or service sold or offered or exposed for sale, to any actual or prospective customer.
We consider that the intent of the legislature is clearly expressed in the language of the statute. The use of the singular language indicates that each misrepresentation of the price or quantity of a commodity, thing, or service sold or offered or exposed for sale, to any actual or prospective customer is an offense under the statute. Moreover, it is obvious from a reading of the statute that the purpose of the legislature in enacting the provision was to protect an actual or prospective customer from deceptive or misleading practices of a vendor by making it a punishable offense to *1001 misrepresent the price or quantity of a commodity, thing or service sold, offered or exposed for sale. Clearly, this legislative purpose can only be effectuated by making each misrepresentation of the price or quantity of a commodity, thing or service a separate offense subject to separate punishment. To hold otherwise would defeat the purpose of the statute.
Accordingly, we conclude that the legislative intent in enacting La.R.S. 55:15(A) was to punish each misrepresentation as a separate offense.
In the instant case, the cuts of beef, pork and poultry, whose weights were misrepresented by defendant, were individually weighed, packaged and priced by employees of defendant corporation. The packages of meat were each marked with the price per pound and the total content of meat weight. In each case, the marked content of meat weight was more than the actual weight. Each package was offered or exposed for sale to-any prospective customer in the display counter of a retail store opened for business to the public. Ultimately, during the ordinary course of business, these packages of meat would be sold to actual customers. Hence, each of defendant’s misrepresentations of the quantities of the 127 packages of beef, pork and poultry constituted a separate offense under La.R.S. 55:15(A), which offenses were properly charged in the same bill of information in separate counts in accordance with La.Code Crim.P. art. 493.[2] As separate offenses, defendant was subject to separate punishment for each offense. We therefore conclude that the trial judge did not err in sentencing defendant to a separate punishment on each of the 127 counts charged in the bill of information and to which defendant pleaded guilty. Hence, defendant’s contention that the sentences imposed in this case were illegal iyi that they amounted to multiple punishments for a single offense is without merit.
DECREE
For the reasons assigned, defendant’s convictions and sentences are affirmed.

. La.R.S. 55:19 provides that whoever violates La.R.S. 55:15(A) or any other provision contained in Chapter 1 of Title 55 of the Revised Statutes entitled “State Commission of Weights and Measures” shall, for the first offense, be fined not less than twenty dollars nor more than two hundred dollars or imprisoned for not more than three months, or both. For each subsequent offense, he shall be fined not less than fifty dollars nor more than five hundred dollars or imprisoned for not more than one year, or both.

. La.Code Crim.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.