358 So.2d 1277 (1978)
STATE of Louisiana
v.
Harry O. CRAMER.
No. 61150.
Supreme Court of Louisiana.
May 22, 1978.
*1278 Elizabeth W. Cole, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Harry O. Cramer, with twenty-six counts of aggravated crime against nature, violations of LSA-R.S. 14:89.1(5). After a bench trial, the court found him guilty, and sentenced him to fifteen years imprisonment on three counts, to run consecutively, and to five years imprisonment on the remaining counts, to run concurrently with each other and with the fifteen year sentences.
The defendant appeals. He relies on five assignments of error for reversal of his convictions and sentences. As he failed to brief or argue five assignments of error, we consider them abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
The defendant was an assistant scout master for a New Orleans Boy Scout troop. Over a period of two and one-half years, he had unnatural carnal copulation with seven young boys associated with the troop.

ASSIGNMENTS OF ERROR NOS. 1, 9, AND 10
The defendant's principal contention is that neither the bill of information nor the bill of particulars supplied him with adequate data concerning the exact times of the offenses to enable him to identify each criminal transaction and defend against them.
Although the bill of information did not give the exact dates of any offenses, it set forth periods of times during which the offenses occurred, e. g., October 19, 1973 through April 5, 1974, December, 1975, April, 1976. The defense filed a motion for bill of particulars requesting the precise dates of the offenses. In response, the State reiterated dates already given in the bill of information and stated that it did not have more definite dates. Thereafter, the defense filed a supplemental motion for bill of particulars asking which offenses grew *1279 out of the same transaction. The State answered, grouping those offenses which occurred "on the same day at approximately the same time." The judge found the State's answers to both motions "good and sufficient in law."
Testimony and evidence at trial narrowed some of the periods of time during which the offenses occurred. However, during trial, the State amended the bill of information and the answers to the bills of particulars to reflect the evidence at trial. Thus, count eight, which the State had alleged occurred in April, 1975, was amended to state that it occurred between April and June of 1975.
Louisiana Code of Criminal Procedure Article 468 provides that the "date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense." The State charged the defendant with unnatural carnal copulation when the victim was under the age of seventeen and the defendant is at least three years older than the victim.
The bill of information contained each victim's age at the time of the offense and stated that the defendant was three years older than the victims. The State provided the defense with the birth dates of each victim in the answer to the bill of particulars. Therefore, the defense had the essential information as to the ages of the victims. See State v. Hunt, La., 310 So.2d 563 (1975).
The victims in the instant case were unable to recall the dates. The State did not withhold them and introduce them at trial to the defendant's surprise. Rather, the State supplied the defense with all the available information concerning the dates.
We conclude that the defendant possessed enough data to identify each criminal offense and defend against it.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4
The defense complains of the denial of his motion to quash. His main allegation is that the bill of information is multiplicious and thus, subjects him to double jeopardy. He avers that the State should have charged him with one sexual encounter with the same victim at approximately the same time, rather than with one sexual act.[1]
Double jeopardy prohibits subjecting a defendant to multiple punishments for one offense. State v. Cox, La., 352 So.2d 638 (1977); State v. Cotton, La., 341 So.2d 362 (1976).
Thus, the issue presented is whether charging the defendant with aggravated crime against nature for each sexual act subjects him to punishment more than once for the same offense. To resolve this issue we must determine if the Legislature intended each sexual act or each sexual encounter to constitute an offense under LSA-R.S. 14:89.1. State v. Allied Supermarkets, Inc., La., 353 So.2d 999 (1977); State v. McCarroll, La., 337 So.2d 475 (1976).
LSA-R.S. 14:89.1(5), the statute under which the State charged the defendant, provides:
"Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
"(5) Where the victim is under the age of seventeen years and the offender is at least three years older than the victim."
As crimes occurred both before and after the amendment to the statute defining crime against nature, LSA-R.S. 14:89, the former and present articles are relevant. The former article provided, in pertinent part:

*1280 "Crime against nature is the unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal. Emission is not necessary, and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime."
The present LSA-R.S. 14:89 is identical to the former, but for an exception embodied in the amendment, which exception is immaterial to the present case.
Initially, we note that the court sentenced the defendant to concurrent sentences on twenty-three of the twenty-six counts.
The intent of the Legislature is clearly expressed in the statutory language. The use of the singular tense indicates that each "unnatural carnal copulation" or "use of the genital organ" is a crime against nature. See State v. Allied Supermarkets, Inc., supra. We reject the defense's theory that the Legislature intended to punish a defendant only once for a series of unnatural carnal copulations.
LSA-R.S. 14:8(1) supports our conclusion. That statute provides that criminal conduct consists of "an act or failure to act that produces criminal consequences, and which is combined with criminal intent." [Emphasis supplied.] In describing the theory of "criminal act" the Reporter's Comment states:
"As used in [LSA-R.S. 14:8], `act' refers to an external manifestation of will which produces consequences. * * *
"All positive conduct includes at some point a voluntary muscular movement (external manifestations of will) which we call an act. See Restatement of the Law of Torts (1934) § 2."
We conclude that the defendant was not subject to multiple punishments for one offense. Each sexual act is a separate offense under LSA-R.S. 14:89.1. The trial judge, therefore, properly denied the motion to quash.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
The defense filed a motion for severance in which he prayed that only those counts relating to the same victim and the same date be tried together. This procedure would have necessitated thirteen trials. The court denied the motion and the defendant now challenges the ruling.
When the defense moves for a severance prior to trial, the court shall grant his motion if "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense . . ." LSA-C.Cr.P. Art. 495.1(a).
The substantial issue presented is whether the trial on the twenty-six counts prevented a fair determination of his guilt on each count. Under the circumstances before us, we find that it did not.
The present case was tried before a judge without a jury. This circumstance is of considerable import. Because of his legal education and judicial experience, a judge has superior skill in evaluating the evidence as to the multiple offenses charged.
The State charged the defendant with committing unnatural carnal copulation, per anus and per os, with seven young boys. The evidence consisted primarily of the boys' testimony. The State presented the evidence in a logical and organized fashion. The victims described the crimes in a simple, clear, and largely identical manner. There were several photographs depicting the defendant and a victim during the sexual acts. Often the prosecutor announced to the judge the counts to be proven prior to the introduction of evidence on those counts. The trial judge stated that he was following the evidence presented with the counts contained in the bill of information.
The offense charged is a fairly simple one with few elements. LSA-R.S. 14:89.1. See State v. Frentz, La., 354 So.2d 1007 (1978). The identical law applied to all counts.
The non-complex nature of the evidence rendered the case appropriate for joint trial. The judge could readily compartmentalize the evidence and apply the law to each *1281 offense. See State v. Mitchell, La., 356 So.2d 974 (1978); State v. Holstead, La., 354 So.2d 493 (1977). Thus, the trial judge properly denied the motion for a severance.
This assignment of error is without merit.
For the reasons assigned, the convictions and sentences are affirmed.
TATE, J., concurs and assigns reasons.
DENNIS, J., concurs in the decree.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents and assigns reasons.
TATE, Justice, concurring.
I concur, with serious reservations.
Assignment 4 (the motion to quash) raises the substantial issue whether each homosexual act during a single incident with a victim constitutes a separate crime, each punishable by fifteen years at hard labor. La.R.S. 14:89.1 (1962). If the present trial court had not in each such instance made all sentences concurrent, I would be inclined to find that this assignment presents reversible error.
Each separate homosexual act (by way of overture or otherwise) may have technically fit the statutory definition of the crime. Nevertheless, I simply do not believe that the legislature intended to subject the offender to multiple sentences for what in practical effect is a single homosexual crime, involving only one victim and what is in effect a single incident involving contemporaneous sexual misconduct. See State v. Blauin, 315 So.2d 749 (1975).
Nevertheless, I do not dissent on this ground. Arguably the conviction on the principal count would be affirmed, even though we sustained the motion to quash on the subsidiary counts of each incident (which involve contemporaneous acts admissible in evidence as res gestae), State v. Donahue, 355 So.2d 247 (La.1978). By reason of the concurrent sentences, the accused is not subjected to greater punishment than he would be if the motions to quash were sustained as to the subsidiary charges.
Assignment 5 (the motion to sever) likewise raises the troublesome issue of undue prejudice sustained by the accused through the joinder of 26 counts involving seven distinct victims.
If this were a jury trial, the defendant certainly was entitled to severance to avoid the prejudice sustained by joining in a single prosecution seven different offenses against victims in non-related incidents. State v. Carter, 352 So.2d 607 (La.1977). I am not certain that a massive joinder of this nature does not subject the trier of fact to similar prejudicial facts when such trier is the judge alone (as in this case); however, especially since this case was tried before Carter's clarification of the severance issue, I am inclined for the reasons stated by the majority to find no reversible prejudice here occurred, taking into consideration also that only concurrent sentences were for the most part imposed by the trial court.
DIXON, Justice (dissenting).
I respectfully dissent.
The motion to sever should have been granted, at least to cumulate the offenses against each victim, resulting in seven bills.
CALOGERO, Justice, dissenting.
I respectfully dissent.
In assignment of error number four, the majority holds that each individual sexual act committed by defendant was a separate crime, even though committed at the same time as other charged acts upon the same victim. I believe that in this conclusion the majority errs.
Had the defendant committed only one act against one child, certainly he would have committed a criminal act, punishable by fifteen years imprisonment. But when a defendant commits two sexual acts in the same sexual encounter with the same victim, he has committed one crime, not two. State v. Bluain, 315 So.2d 749 (La.1975). I find the situation analogous to the crime of battery. When a person hits another once, his act is punishable as one battery. If the *1282 hitter strikes twice or three times in the encounter, the crime is nevertheless a single battery.
I also believe that the majority errs in its discussion of assignment of error number five in which it holds that there was no error in the trial judge's refusal of defendant's motion to sever the twenty-six counts with which he was charged into thirteen trials, each one reflecting a separate sexual encounter. Under State v. Carter, 352 So.2d 607 (La.1977), a severance should be granted upon defendant's motion when multiple crimes are joined on the basis that they are "the same or similar crimes" but they would not be admissible under Revised Statutes 15:445 and 446. Under that analysis, the crimes at issue here are not mutually admissible, and a fair determination of defendant's guilt or innocence required that a severance be granted. See State v. Frentz, 354 So.2d 1007 (La.1978).
NOTES
[1] An example best illustrates his argument. Counts one through four charge him with four separate crimes which occurred at approximately the same time with the same victim. The defendant alleges that these four actions constitute a single transaction and one criminal offense. According to this theory, he would then stand trial for thirteen, rather than twenty-six crimes.